McCarthy, J.
(concurring in part and dissenting in part). I agree with the majority that City Court never made a finding of willfulness regarding defendant Kermit Hayes (hereinafter defendant) and that the scant record does not support an inference of willfulness regarding defendant’s production of, or failure to produce, his business records. I reach a different *948 conclusion, however, as to defendant’s tax returns.[1] Therefore, I partially dissent.
If a party willfully fails to disclose information that should have been disclosed pursuant to CPLR article 31, the court may impose a sanction for that disclosure violation (see CPLR 3126). Some permitted sanctions include orders precluding the party from producing certain items of evidence or precluding any proof on a particular issue (see CPLR 3126 [2]). The trial court has the authority to fashion the appropriate remedy, and the sanction imposed will not be disturbed absent a clear abuse of discretion (see VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd., 78 AD3d 1438, 1439 [2010]; Matter of Scaccia, 66 AD3d 1247, 1250 [2009]).
While disclosure of tax returns is disfavored, and a demand for 25 years of tax returns may have been overly burdensome, defendant was required to raise any objections to disclosure within 20 days of service of the notice (see CPLR 3122). He cannot wait for years to raise some of these arguments on appeal. As he did not raise a timely objection, defendant could only resist the demand, or defend his failure to comply, on the ground that the demand “seeks privileged material or is palpably improper” (Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d 576, 577 [1999]; see Murphy v Hamilton, 90 AD3d 1294, 1295 [2011]; Saratoga Harness Racing v Roemer, 274 AD2d 887, 889 [2000]).
Although they are confidential (see Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d at 577), tax returns are not privileged. A request for tax returns is not palpably improper, but disclosure of them is disfavored unless they contain relevant information that is not available from other sources (see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d 1316, 1319 [2010]; compare Saratoga Harness Racing v Roemer, 274 AD2d at 889; Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d at 577). City Court recognized the relevance of defendant’s income from his photography business to the valuation of his photography archives, and the information is not otherwise available due to the unfortunate destruction of most of defendant’s business records. Thus, defendant cannot avoid his failure to object to the demands for his tax returns (see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d at 1319; compare Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d at 577).
*949 Not only did defendant fail to ever formally object to the disclosure demands in the face of repeated requests, but his counsel stated on the record that he recognized his obligation to produce the tax returns. Despite this acknowledgment, defendant produced only an unsigned draft copy of a return for one year. Although he asserts that his copies of the tax returns were destroyed when his basement was flooded, he made no effort to obtain copies of any of his tax returns from the Internal Revenue Service.[2] Considering defendant’s acknowledgment of his obligation and his refusal to make any genuine effort to respond to the demand for tax returns, the record supports a finding that he willfully failed to comply with that demand (see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909-910 [2013]; VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd., 78 AD3d at 1439-1440]). Accordingly, City Court did not abuse its discretion by precluding defendant from relying on his tax returns, annual income or any information that would have been included in the returns. Hence, I believe that, upon remittal, that information should be precluded.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Troy City Court for further proceedings not inconsistent with this Court’s decision.

. Although the majority does not specifically discuss the tax returns, I believe that they deserve a separate discussion.

. Tax returns may generally be obtained for the current and past six tax years (see Internal Revenue Service, http://www.irs.gov/uac/Tax-ReturnTranscripts [accessed Dec. 13, 2013]).